IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
THOMAS S. SHADDIX, BAR NO. 7905

No. 84846

FILED

SEP 23 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF SUSPENSION*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Thomas S. Shaddix be suspended from the practice of law for six months and one day based on violations of RPC 1.4 (communication) and RPC 8.1 (bar disciplinary matters). Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Shaddix committed the violations charged. *See In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). Here, however, the facts and charges alleged in the complaint are deemed admitted because Shaddix failed to answer the complaint and a default was entered. SCR 105(2). The record therefore establishes that Shaddix violated the above-referenced rules by failing to inform a client of a fine imposed after Shaddix entered a guilty plea to a traffic violation on the client's behalf and failing to respond to the client's multiple attempts to contact Shaddix. Shaddix also failed to adequately respond to the Bar's requests for information regarding the client's grievance.

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). Although we

22-29902

"must . . . exercise independent judgment," the panel's recommendation is persuasive. *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

The above actions violated the duties Shaddix owed to his client, the legal system, and the profession. His mental state was knowing, and his actions caused minimal actual injury but had the potential to cause further injury. In particular, if the client had not discovered the fine through other means, her failure to pay could have resulted in a warrant being issued for her arrest. And the profession is harmed whenever an attorney refuses to participate in the disciplinary process. The baseline sanction for Shaddix's misconduct, before considering aggravating and mitigating circumstances, is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standards 4.42(a) & 7.2 (Am. Bar Ass'n 2017) (recommending suspension when "a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client" and when "a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system"). The panel found, and the record supports, three aggravating circumstances (prior disciplinary offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders, and substantial experience in the practice of law) and one mitigating circumstance (absence of a dishonest or selfish motive). The

prior disciplinary offenses involving similar rule violations is a particularly compelling aggravating circumstance in this matter. Considering all the factors, we conclude the recommended suspension is sufficient to serve the purpose of attorney discipline. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 219, 756 P.2d 464, 531-32 (1988) (observing the purpose of attorney discipline is to protect the public, the courts, and the legal profession).

Accordingly, we hereby suspend attorney Thomas S. Shaddix from the practice of law in Nevada for a period of six months and one day. This suspension shall run consecutive to the suspension imposed in *In re Discipline of Shaddix*, No. 84263, 2022 WL 3147800 (Nev. Aug. 4, 2022) (Order of Suspension). Shaddix shall also pay the costs of the disciplinary proceedings, including $2,500 under SCR 120, within 30 days from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.          _____, J.
Hardesty                                         Stiglich

_____, J.          _____, J.
Cadish                                            Silver

_____, J.          _____, J.
Pickering                                        Herndon

cc: Chair, Southern Nevada Disciplinary Board
Law Office of Thomas S. Shaddix
Bar Counsel, State Bar of Nevada
Executive Director, State Bar of Nevada
Admissions Office, U.S. Supreme Court